

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

ROBERT SELLERS AND
SANDRA SHAFER SELLERS,

    Debtors.
_____/

Case No. 6:10-bk-22085-ABB
Chapter 7

SANDRA DZIAK,

    Plaintiff,

v.

ROBERT SELLERS,

    Defendant.
_____/

Adv. Pro. No. 6:11-ap-00053-ABB

## MEMORANDUM OPINION AND ORDER

This matter came before the Court on the Complaint (Doc. No. 1) filed by the pro se Plaintiff, Sandra Dziak against the Defendant/Debtor Robert Sellers seeking a nondischargeability determination pursuant to 11 U.S.C. Sections 523(a)(2)(A) and 523(a)(6). The final evidentiary hearing was held on May 17, 2011 at which the Debtor, Plaintiff, and Debtor's counsel appeared.

Judgment is due to be entered in favor of the Debtor pursuant to 11 U.S.C. Section 523(a)(2)(A) for the reasons set forth herein. The Court makes the following Findings of Fact and Conclusions of Law after reviewing the pleadings and evidence, hearing live testimony and argument, and being otherwise fully advised in the premises.

## **FINDINGS OF FACT**

### *Lake County Concrete Slab Project*

This proceeding arises in connection with a concrete slab project performed by Debtor at a horse barn owned by Plaintiff in Lake County, Florida. Plaintiff desired to add a main concrete slab in the center aisle of her barn as well as five exterior apron slabs, taking into consideration already-existing concrete slabs.

Plaintiff requested cost estimates for the proposed concrete project from Ultimate Concrete and from Debtor. Plaintiff requested an estimate from Debtor as a result of seeing a sign located at Debtor's residence which advertised the availability of concrete services. Debtor had significant experience in pouring other barn slabs. Plaintiff had not previously hired Debtor for any work. Plaintiff awarded the concrete project to Debtor because Ultimate Concrete could not meet Plaintiff's timing requirement.

Plaintiff claimed to have provided project specifications for pouring the concrete to Debtor at the time of the request for estimate, but produced no substantiating records. The barn description provided to the Court was prepared by Plaintiff after the project had been completed.[1] Plaintiff has not established any contract specifications for pouring concrete were provided to Debtor at the time the work was performed.

Plaintiff produced no evidence of a written agreement with Debtor, other than an invoice dated April 9, 2010 and signed by Debtor which indicated a total price of $3,800.00.[2] The invoice indicated the price included: (1) form and pour, (2) wire mesh, (3) 3000 psi concrete, and (4) sawcut.[3] The invoice did not include project specifications

---

[1] Pl's Ex. 2.
[2] Pl's Ex. 1.
[3] Id.

2

for pouring the concrete.[4] Plaintiff paid Debtor $500.00 by check dated April 11, 2010, reflected on the invoice as "Draw #1 Start."[5]

The Debtor began and completed the concrete project on or about April 14-15, 2010. Plaintiff was periodically present and discussed the project with Debtor as the work progressed. Water entering the barn flowed off the new slabs and accumulated into puddles around the already-existing concrete slabs after the project was complete.

Plaintiff reduced the amount owed to the Debtor by $200.00 because she disliked the way the water puddled around the already-existing concrete slabs. Plaintiff paid Debtor $1,718.63[6] by check dated April 15, 2010, representing the remaining unpaid balance owed to Debtor as reflected on the invoice, less $200.00 to account for the water puddling.[7] The back of the check dated April 15, 2010 reflected the notation, "Cashing check indicates all payment received in full."[8] The following day, Plaintiff called Debtor and requested he tear out the newly-poured concrete because of water puddling problems.

### *State Court Litigation*

Plaintiff instituted a civil action in 2010 against the Debtor and Selcon LLC, (the company named in the letterhead of the invoice dated April 9, 2010) in the Florida State Court to recover repair costs for the concrete slab project.

---

[4] Id.
[5] Id.

[6] The total invoice price of $3,800.00 was reduced by (1) $500.00 for the first draw, (2) $1,381.37 for concrete paid directly by Plaintiff and (3) $200.00 for the water puddling issue, leaving a balance owed to Debtor of $1,718.63.

[7] Pl.'s Ex. 1.
[8] Id.

3

The State Court entered an Order on November 9, 2010, adjudging Plaintiff to recover $4,906.46 ("Judgment Debt") from Debtor and Selcon LLC.[9] No specific findings were made by the State Court as to the substantive allegations contained in the civil action.

Plaintiff filed a Judgment Lien Certificate with Florida's Secretary of State on November 17, 2010 against Debtor and Selcon LLC.[10] The Debtors filed a Chapter 7 bankruptcy case on December 14, 2010.

### *Adversary Proceeding*

Plaintiff timely instituted this adversary proceeding against the Debtor on March 28, 2011 seeking a determination the amount of $4,906.46 is nondischargeable pursuant to 11 U.S.C. Sections 523(a)(2)(A) and 523(a)(6).[11]

Plaintiff did not prosecute the Section 523(a)(6) cause of action and any relief sought pursuant to Section 523(a)(6) is due to be denied. This proceeding is solely a Section 523(a)(2)(A) proceeding.

### *11 U.S.C. Section 523(a)(2)(A)*

The gravamen of this adversary proceeding is that Debtor was hired to pour concrete slabs in accordance with specifications provided by Plaintiff and Debtor falsely represented himself as able to meet those contract specifications when he intended not to do so.[12] Plaintiff claimed Debtor installed the concrete in a manner opposite the specifications and his failure to meet them resulted in flooding in the barn.[13]

---

[9] Doc. No. 1, Ex. A.
[10] Doc. No. 1, Ex. B.
[11] Doc. No. 1.
[12] Id.
[13] Id.

Plaintiff presented no evidence establishing specifications for pouring concrete were communicated or presented to Debtor before or during the time the work began or was progressing. Plaintiff presented evidence of an invoice dated April 9, 2010 from Debtor with a brief description of the labor and materials to be provided by Debtor.[14] This invoice included no reference to contract specifications for pouring the slabs.[15] The barn description provided to the Court was prepared by Plaintiff after the project had been completed.[16] Plaintiff has not established Debtor falsely represented himself as a concrete installer who would meet her specifications. Nor has Plaintiff established Debtor falsely represented his work as actually meeting her specifications. Plaintiff has not established any contract specifications for pouring concrete were provided to Debtor at the time the work was performed.

Plaintiff initially contacted Debtor as a result of seeing a sign located at Debtor's residence, advertising the availability of concrete services. Plaintiff presented no evidence establishing the Debtor, at any time in his relationship with Plaintiff, made a false representation to her with the purpose and intent to deceive her. He committed no fraud in connection with performing the concrete slab project. The failure to complete the project in accordance with Plaintiff's objectives may have constituted a contractual breach, but it does not constitute fraud.

Plaintiff has not established, by a preponderance of the evidence, any debt or obligation owed to Plaintiff by the Debtor was incurred by the Debtor through false pretenses, false representations or fraud. Any and all indebtedness owed by the Debtor to

---

[14] Pl's Ex. 1.
[15] Id.
[16] Pl's Ex. 2.

Plaintiff is dischargeable and is due to be discharged.[17] Judgment is due to be entered in favor of the Debtor and against Plaintiff.

## CONCLUSIONS OF LAW

*11 U.S.C. § 523(a)(2)(A)*

Plaintiff did not prosecute the Section 523(a)(6) nondischargeability cause of action contained in her Complaint. She is not entitled to any relief on this cause of action; the only cause of action presented at the trial was the Section 523(a)(2)(A) cause of action.

The party objecting to the dischargeability of a debt pursuant to 11 U.S.C. Section 523(a) carries the burden of proof and the standard of proof is preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 291 (1991). Objections to discharge are to be strictly construed against the creditor and liberally in favor of the debtor. Schweig v. Hunter (In re Hunter), 780 F.2d 1577, 1579 (11th Cir. 1986).

Section 523(a)(2)(A) provides a discharge pursuant to Section 727 does not discharge an individual from any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—"

> false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

11 U.S.C. § 523(a)(2)(A). Plaintiff must establish the traditional elements of common law fraud to prevail in a Section 523(a)(2)(A) action: (1) Debtor made a false representation with the purpose and intent to deceive Plaintiff; (2) Plaintiff relied on the misrepresentation; (3) the reliance was justified; and (4) Plaintiff sustained a loss as a

---

[17] This Order is not intended to affect the rights of the Plaintiff pursuant to the November 9, 2010 State Court Order against Selcon LLC or the November 17, 2010 Judgment Lien Certificate filed against Selcon LLC.

result of the misrepresentation. SEC v. Bilzerian (In re Bilzerian), 153 F.3d 1278, 1281 (11th Cir. 1998); Fuller v. Johannessen (In re Johannessen), 76 F.3d 347, 350 (11th Cir. 1996). Plaintiff must establish each of the four common law fraud elements by a preponderance of the evidence. Grogan, 498 U.S. at 291; In re Wiggins, 250 B.R. 131, 134 (Bankr. M.D. Fla. 2000).

The cornerstone element in a Section 523(a)(2)(A) nondischargeability proceeding is a misrepresentation made with the intent to deceive the creditor. A creditor cannot establish non-dischargeability pursuant to Section 523(a)(2)(A) without proof of reliance on intentional misstatements by the debtor. City Bank & Trust Co. v. Vann (In re Vann), 67 F.3d 277, 280 (11th Cir. 1995). A determination of fraudulent intent is an issue of fact and "depends largely upon an assessment of the credibility and demeanor of the debtor . . . ." Equitable Bank v. Miller (In re Miller), 39 F.3d 301, 305 (11th Cir. 1994). Intent is a subjective issue and a review of the totality of the circumstances is relevant in determining a debtor's intent. Id.

The creditor's reliance upon the debtor's false representation must be justified. Field v. Mans, 516 U.S. 59, 73-75 (1995); In re Vann, 67 F.3d at 283-84. A plaintiff must establish a causal link between the debtor's misrepresentation and the resulting loss sustained by the plaintiff. Lightner v. Lohn, 274 B.R. 545, 550 (M.D. Fla. 2002).

*State Court Litigation*

The State Court Order contains no findings regarding the elements for nondischargeability pursuant to Sections 523(a)(2)(A) or 523(a)(6). The Order has no preclusive effect in this adversary proceeding pursuant to the doctrine of collateral estoppel.

Collateral estoppel precludes relitigation of issues actually or fully litigated in prior judicial proceedings where each party had a full and fair opportunity to litigate the issues decided. St. Laurent II v. Ambrose (In re St. Laurent), 991 F.2d 672, 675 (11th Cir.1993). Collateral estoppel principles apply to dischargeability proceedings. Grogan, 498 U.S. at 285 n. 11.[18]

Four elements must be present for collateral estoppel to apply in a dischargeability proceeding: (i) the issue in the prior action and the issue in the bankruptcy action are identical; (ii) the bankruptcy issue was actually litigated in the prior action; (iii) the determination of the issue in the prior action was a critical and necessary part of the judgment in that litigation; and (iv) the burden of proof in the dischargeability proceeding must not be significantly heavier than the burden of proof in the initial action. Bush v. Balfour Beatty Bahamas, Ltd. (In re Bush), 62 F.3d 1319, 1322 (11th Cir.1995).

All elements required for the nondischargeability of the Judgment Debt pursuant to Sections 523(a)(2)(A) and 523(a)(6) must have been established in the Florida State Court litigation for collateral estoppel to apply. Bush, 62 F.3d at 1322. The elements of Sections 523(a)(2)(A) and 523(a)(6) were not actually litigated and determined in the State Court proceeding. The State Court Order has no preclusive effect.

---

[18] Collateral estoppel applies in dischargeability proceedings; res judicata does not. "Because a cause of action for nondischargeability does not exist outside of the Bankruptcy Code . . . state court judgments do not have any res judicata effect in dischargeability proceedings." In re Barrett, 410 B.R. 113, 119 (Bankr. S.D. Fla. 2009) (citing Brown v. Felsen, 442 U.S. 127, 138-39 (1979)).

### *11 U.S.C. § 523(a)(2)(A) Analysis*

This dispute arises from the Debtor providing concrete slab services to Plaintiff. Plaintiff asserts false representations were made by Debtor with respect to his ability to perform a slab project consistent with contract specifications provided by Plaintiff.

Plaintiff has not established any contract specifications for pouring concrete were provided to Debtor at the time the work was performed. Plaintiff did not establish Debtor made any false representations with the intent to deceive Plaintiff in connection with the slab work. Plaintiff, by failing to establish the first nondischargeability element of 11 U.S.C. Section 523(a)(2)(A), failed to establish the second, third, and fourth elements. Any and all indebtedness owed by the Debtor to Plaintiff is dischargeable pursuant to 11 U.S.C. Section 523(a)(2)(A) and is discharged pursuant to 11 U.S.C. Section 727(a).

Accordingly, it is

**ORDERED, ADJUDGED and DECREED** the relief sought in Plaintiff's Complaint (Doc. No. 1) is hereby **DENIED** pursuant to 11 U.S.C. Sections 523(a)(2)(A) and 523(a)(6); and it is further

**ORDERED, ADJUDGED and DECREED** any indebtedness owed by the Debtor to Plaintiff is **DISCHARGEABLE** as to the Debtor pursuant to 11 U.S.C. Sections 523(a)(2)(A) and 523(a)(6) and is discharged pursuant to Title 11 of the United States Code.

A separate Judgment consistent with these Findings of Fact and Conclusions of Law shall be entered contemporaneously.

Dated this 2nd day of June, 2011.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge